

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ISRAEL FLORES, | § | No. 08-15-00302-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 3 |
| | § | |
| JOSE SANDOVAL, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2014-CCV03062) |
| | § | |

**O P I N I O N**

Israel Flores, appearing *pro se*, is appealing from a money judgment entered in favor of

Jose Sandoval.  For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Sandoval filed suit in the justice court to evict Flores and recover unpaid rent.  On

September 16, 2014, the justice court entered judgment in favor of Sandoval, awarding him

possession of the premises and unpaid rent in the amount of $702.49.  The judgment also

provided that Flores would be required to pay rent in the amount of $400 per month in the event

of an appeal.  Flores timely filed notice of appeal and an affidavit of inability to pay appellate

costs on September 22, 2014.  Sandoval filed an amended petition alleging that Flores had not

vacated the premises and had failed to pay rent for the months of August, September, October,

and a portion of November 2014.  The county court at law conducted a bench trial and entered

judgment in favor of Sandoval for unpaid rent for the months of August 2014 ($400), September 2014 ($400), and a portion of October 2014 ($306). The judgment also awarded attorney's fees in the amount of $1,000. The trial court entered written findings of fact and conclusions of law.

## SUFFICIENCY OF THE EVIDENCE

In Issues One and Two, Flores challenges to the sufficiency of the evidence supporting the trial court's finding that he was obligated to pay rent for the month of October 2014. We have construed Flores's brief as challenging the legal sufficiency of the evidence.

### *Standard of Review*

We sustain a legal sufficiency challenge when the trial court's decision is unsupportable as a matter of law because (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) there is no more than a mere scintilla of evidence proving a vital fact; or (4) the evidence conclusively establishes the opposite proposition of a plaintiff's proffered vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). We view evidence in the light most favorable to the ruling on a legal sufficiency challenge, indulging "every reasonable inference" in the trial court's favor. *El Paso Independent School Dist. v. Pabon*, 214 S.W.3d 37, 41 (Tex.App.--El Paso 2006, no pet.).

### *The Evidence Supports the Challenged Finding*

The evidence at trial established that Flores and Sandoval entered into a lease agreement on November 1, 2013 for an apartment located in El Paso, Texas. The lease was for a term of twelve months, and it terminated on October 31, 2014. Flores was required to pay rent in the amount of $400 per month. When Flores did not pay rent for the months of August and September 2014, Sandoval filed an eviction suit in the justice court on September 2, 2014. On

September 16, 2014, the justice court entered judgment in favor of Sandoval awarding him possession of the apartment and unpaid rent. Flores filed notice of appeal, but he did not pay rent for October 2014. Sandoval testified that Flores left the apartment in October 2014 and owed $306.60 for that month's rent. While Flores testified that he moved out of the apartment on September 29, 2014, it was the trial court's duty as the trier of fact, to determine the credibility of the witnesses. Finding that the evidence is legally sufficient to support the challenged finding, we overrule Issues One and Two.

## EXCLUSION OF EVIDENCE

In Issue Three, Flores contends that the trial court erred by not permitting him to introduce evidence on his computer. The court conducted the bench trial on January 8, 2015, but it continued the hearing to a later date in order to give Flores an opportunity to put his evidence on a separate USB drive which could be admitted into evidence.[1] At the hearing on May 18, 2015, the trial court inquired whether Flores had any other evidence he wished to offer, and Flores stated he had video evidence. When the court asked Flores the length of the video, Flores replied that it was going to be approximately an hour, and he then stated:

> That's why I'd rather not even show anything because just by going off the momentum -- and if we could go back and look in the transcripts, Your Honor, like -- this would be much, much easier -- it was obvious that you heard -- you heard -- you were already making a preliminary decision, you know. It was only the thing with respect to the keys. That was the only thing that -- see, I don't know if I'm allowed to do this, but can I get another date so I can go get the transcripts from last time we were here so I can present them to you so everything that -- You can see our exchange right there at the end and see where all the momentum was going. Because if not, so then I would like to just restart everything and start from scratch.

---

[1] Flores had video evidence he wanted to introduce to prove that he paid the rent for August, September, and October 2014, but the videos were on a USB drive along with other files that were not being introduced into evidence.

The trial court informed Flores that they were not going to re-start the trial.  Sandoval's counsel then stated:

> Mr. Flores just made the suggestion that we go back to the -- you go back to the transcript and see what was said at the end and make a decision based on that. I'll be fine with that.

Flores agreed with counsel's statement, and he did not offer the video or any other evidence.

Under these facts, Flores did not offer and the trial court did not exclude the video evidence.

Flores failed to preserve his complaint on appeal.  *See* TEX.R.EVID. 103(a)(2); TEX.R.APP.P. 33.1.  We overrule Issue Three and affirm the judgment of the trial court.

October 5, 2016
                                ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.